# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| JAMES MARVIN CROWDER ) | Case No: 3:01CR223-01 |
| ) | USM No: 17543-058 |
| Date of Previous Judgment: June 24, 2003 ) | Aaron E. Michel |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ❏ the Director of the Bureau of Prisons ❏ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
 ❏ DENIED. ■ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __121__ months **is reduced to** __120 months__.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Previous Offense Level: __33__          Amended Offense Level: __31__
Criminal History Category: __II__       Criminal History Category: __II__
Previous Guideline Range: __151__ to __188__ months   Amended Guideline Range: __121__ to __151__ months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
❏ The reduced sentence is within the amended guideline range.
■ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
❏ Other (explain):  The previous term of imprisonment imposed represented 81% of the low-end of the applicable guideline range at the time of the original sentencing; however, further reductions are limited by the statutorily required minimum sentence of 120 months, per USSG §5G1.1(c)(2).

**III. ADDITIONAL COMMENTS**
Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation

Except as provided above, all provisions of the judgment dated __June 24, 2003__ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: __January 21, 2009__

Effective Date: _____
(if different from order date)

Frank D. Whitney
United States District Judge